UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 11911 RGS

| | |
|---|---|
| MICHAEL D. ANDERSON, EDWARD P. BAGLEY, STEVEN F. BALMAIN, WALLACE H. BICKNELL, PHILIP BUNTING, MICHAEL C. CANTWELL, CATHERINE CARHART, JOHN D. CAUBLE, JOHN S. COFFEY, JOSEPH D. FENNELL, JAMES C. FLEMING III, WILLIAM R. GLOW III, ANDREW B. GODDARD, MARK R. GOODSPEED, SARAH HARRIS, PAUL HAMILTON, STEVEN J. LAVIN, WILLIAM S. LITTLE JR., JOSEPH MASHRICK, KEITH MIGNONE, JOHN H. MORAN, and JOHN R. WHITTLE, Plaintiffs<br><br>v.<br><br>TOWN OF CHATHAM and THE CHATHAM POLICE DEPARTMENT Defendants | MAGISTRATE JUDGE _____<br><br>Civil Action No.<br><br>RECEIPT # 58339<br>AMOUNT $___<br>SUMMONS ISSUED ___<br>LOCAL RULE 4.1 ___<br>WAIVER FORM ___<br>MCF ISSUED ___<br>BY DPTY. CLK. ___<br>DATE ___ |

## COMPLAINT

1.  This is an action for declaratory and injunctive relief and monetary damages brought by current and former police officers of the Town of Chatham against the Town of Chatham and the Chatham police department for violations of the Fair Labor Standards Act of 1938, as amended, 20 U.S.C. § 201 et seq. (FLSA).

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337.

3.  Declaratory relief is authorized under 28 U.S.C. §§ 2201 and 2202.

4.  This Court is the proper venue for this action, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Michael D. Anderson is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

6. Plaintiff Edward P. Bagley is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

7. Plaintiff Steven F. Balmain is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

8. Plaintiff Wallace H. Bicknell is a former police officer who was employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

9. Plaintiff Philip Bunting is a retired police officer who was employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

10. Plaintiff Michael C. Cantwell is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

11. Plaintiff Catherine Carhart is a retired police officer who was employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

12. Plaintiff John D. Cauble is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

13. Plaintiff John S. Coffey is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

14. Plaintiff Joseph D. Fennell is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

15. Plaintiff James C. Fleming III is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

16. Plaintiff William R. Glow III is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

17. Plaintiff Andrew B. Goddard is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

18. Plaintiff Mark R. Goodspeed is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

19. Plaintiff Sarah Harris is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

20. Plaintiff Paul Hamilton is a former police officer who was employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

21. Plaintiff Steven J. Lavin is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

22. Plaintiff William S. Little Jr. is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

23. Plaintiff Joseph Mashrick is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

24. Plaintiff Keith Mignone is a former police officer who was employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

25. Plaintiff John H. Moran is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

26. Plaintiff John R. Whittle is a police officer employed by the Town of Chatham Police Department and is a resident of the Commonwealth of Massachusetts.

27. The named plaintiffs are current or former members of the Chatham Sergeants and Patrol Officers Union, MCOP Local 294, AFL-CIO (Union).

28. The Union is the exclusive representative of sergeants and patrol officers employed by the Town of Chatham/Chatham Police Department for bargaining over wages, hours and other working conditions.

29. Defendant Town of Chatham (Town) is a municipality, and a political subdivision, of the Commonwealth of Massachusetts. The Town is an employer within the meaning of 29 U.S.C. § 203(d).

30. Defendant Chatham Police Department (CPD) is a department of the Town of Chatham. It is an employer within the meaning of 29 U.S.C. § 203(d).

## FACTS

31. The Town and the Union are parties to a collective bargaining agreement (Agreement), which establishes certain wages, hours and other working conditions for the sergeants and patrol officers employed by Defendants.

32. The Agreement provides that, with certain exceptions, officers shall work a "four and two" schedule. In other words, officers work a recurring cycle of four consecutive days on duty, followed by two consecutive days off duty. For example, officer A works Monday through Thursday, with Friday and Saturday off in week one. In week two, Officer A works Sunday through Wednesday, with Thursday and Friday off. This cycle repeats every six weeks, or 42 days.

33. Plaintiffs work a "four and two" schedule.

34. Plaintiffs work an eight (8) hour shift.

4

35. Plaintiffs are required to work fifteen (15) minutes prior to each eight (8) hour shift. This pre-shift period is classified as "Report for Duty/Prepared for Duty" time under the Agreement. Plaintiffs are not paid for this time, and Defendants do not include this time when calculating Plaintiffs' hours worked.

36. The Defendants require Plaintiffs to attend four (4) hours of training per month between September and June, for a total of forty (40) hours per year. Defendants do not compensate Plaintiffs for this work and do not include this time when calculating Plaintiffs' hours worked.

37. Pursuant to the agreement, plaintiffs are entitled to receive annual payments for "longevity." These payments range from $250 annually for an officer after six years of service to $2,000 annually for an officer after twenty-five years of service.

38. The Town does not include an officer's longevity payment in the officer's base pay when calculating that officer's overtime.

39. Pursuant to the agreement, officers who work as detectives are entitled to an annual stipend (currently $1,000).

40. The Town does not include a detective's stipend in his/her base pay when calculating that detective's overtime pay rate.

41. Pursuant to the agreement, officers who work as an "officer-in-charge" on a particular shift are paid an additional $20.00 per shift.

42. The Town does not include this "officer-in-charge" pay in an officer's base pay when calculating that officer's overtime pay rate.

43. Defendants have never adopted (or otherwise possessed) a partial public safety exemption, as provided at 29 U.S.C. §207(k), from the FLSA overtime requirements. Therefore,

5

Plaintiffs are entitled to FLSA premium pay for all hours worked over forty (40) in any seven (7) day period.

44. "Report for Duty/Prepared for Duty" time and training time are compensable and must be counted as hours worked under the FLSA.

45. On several occasions, the Union notified Defendants of its FLSA obligations. Defendants have not changed their overtime practices. Defendants' continued violations of the FLSA are willful, as that term is defined in 29 U.S.A. §255(a).

46. The Defendants do not properly calculate the plaintiffs' regular rate of pay by failing to include all stipends in base pay and by failing to credit "Report for Duty/Prepared for Duty" time and training time as hours worked.

47. Defendants do not maintain payroll records as required by the FLSA.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME FOR HOURS OVER 40

48. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1-49.

49. By failing to compensate Plaintiffs for training and "Report for Duty/Prepared for Duty" time, Defendants violated the overtime provisions of the FLSA. Defendants' failure to count "Report for Duty/Prepared for Duty" and training periods as "hours worked" likewise violates Section 207 of the Act.

50. Defendants have willfully violated the FLSA by failing to pay officers overtime as required by 29 U.S.C. § 207 for all hours worked over 40 in a week.

## COUNT II– VIOLATION OF 29 U.S.C. § 207
## UNDERPAYMENT OF OVERTIME DUE

51. The Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1-52.

52. Defendants have willfully miscalculated the regular rate of pay for plaintiffs under 29 C.F.R. Part 778 by failing to include the longevity, detective, and officer-in-charge stipends in the regular rate for purposes of calculating overtime pay.

53. Because of the Defendant's willful miscalculation, the Defendants have failed to pay plaintiffs overtime payments due under 29 U.S.C. § 207.

## COUNT III - – VIOLATION OF 29 U.S.C. § 211
## FAILURE TO MAINTAIN RECORDS

54. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1-55.

55. Defendants have violated the FLSA by failing to keep records required by the statute and its regulations.

## JURY DEMAND

The Plaintiffs demand a jury trial on all claims.

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter a declaratory judgment that Defendants have willfully and wrongfully violated their statutory obligations under the FLSA and deprived Plaintiffs of their entitlements under the law;

b. Order Defendants, under the supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of all FLSA time or damages due to each Plaintiff for hours worked since July 1, 2001;

c.  Enter a judgment against Defendants under Section 16 of the FLSA for all sums found due to each Plaintiff;

d.  Award each Plaintiff monetary liquidated damages equal to their unpaid FLSA compensation, plus interest;

e.  Award Plaintiffs their reasonable attorney's fees and costs of this action, to be paid by Defendants;

f.  Enjoin the Defendants from violating the FLSA; and

g.  Grant such other relief as may be just and proper.

Respectfully submitted,

**MICHAEL D. ANDERSON, et al.,**

By their attorneys,

Bryan Decker, BBO # 561247
Patrick Bryant, BBO # 652200
*Sandulli Grace, P.C.*
One State Street, Suite 200
Boston, MA 02109
617-523-2500

Dated: August 27, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Michael D. Anderson v. Town of Chatham__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Sandulli Grace, P.C.  Bryan Decker, Patrick N. Bryant__
ADDRESS __One State Street, Suite 200, Boston, MA  02109__
TELEPHONE NO. __617-523-2500__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael P. Anderson, Et al.

### DEFENDANTS
Town of Chatham, and the Chatham Police Department

(b) County of Residence of First Listed Plaintiff __Barnstable__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sandulli Grace, P.C.
1 State St., Suite 200, Boston MA 02109
(617)523-2500

Attorneys (If Known)
Bruce Gilmore, Town Counsel
1095 Route 6A
P.O.Box 714, West Barnstable, MA02668

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒X 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒X Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

20 U.S.C Section 207:Failure to pay overtime and 20 U.S.C. Section211: Failure to maintain Records.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 9/1/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____