UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL D. ANDERSON, EDWARD P. BAGLEY, STEVEN F. BALMAIN, WALLACE H. BICKNELL, PHILIP BUNTING, MICHAEL C. CANTWELL, CATHERINE CARHART, JOHN D. CAUBLE, JOHN S. COFFEY, JOSEPH D. FENNELL, JAMES C. FLEMMING, III, WILLIAM R. GLOW, III, ANDREW B. GODDARD, MARK R. GOODSPEED, SARAH HARRIS, PAUL HAMILTON, STEVEN J. LAVIN, WILLIAM S. LITTLE, JR., JOSEPH MASHRICK, KEITH MIGNONE, JOHN H. MORAN and JOHN R. WHITTLE, Plaintiffs, | ) CASE NO: 04 11911RGS |
| v. | |
| TOWN OF CHATHAM and THE CHATHAM POLICE DEPARTMENT, Defendants. | |

### DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM

NOW COMES the Defendants, Town of Chatham and the Chatham Police Department, and hereby submits their Answer to the Complaint as follows:

1. The Defendants, Town of Chatham and the Chatham Police Department, specifically deny any violation of the Fair Labor Standards Act as stated in paragraph 1 of the Complaint.

2. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 2 of the Complaint.

3. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 3 of the Complaint.

4. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 4 of the Complaint.

5. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 5 of the Complaint.

6. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 6 of the Complaint.

7. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 7 of the Complaint.

8. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 8 of the Complaint.

9. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 9 of the Complaint.

10. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 10 of the Complaint.

11. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 11 of the Complaint.

12. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 12 of the Complaint.

13. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 13 of the Complaint.

14. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 14 of the Complaint.

15. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 15 of the Complaint.

16. The Defendants, Town of Chatham and the Chatham Police Department, deny William R. Glow, III is employed with the Town of Chatham. The Town assumes the proper plaintiff will be named as William R. Glover, III.

17. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 17 of the Complaint.

18. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 18 of the Complaint.

19. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 19 of the Complaint.

20. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 20 of the Complaint.

21. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 21 of the Complaint.

22. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 22 of the Complaint.

23. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 23 of the Complaint.

24. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 24 of the Complaint.

25. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 25 of the Complaint.

26. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 26 of the Complaint.

27. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 27 of the Complaint.

28. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 28 of the Complaint.

29. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 29 of the Complaint.

30. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 30 of the Complaint.

## FACTS

31. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 31 of the Complaint.

32. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 32 of the Complaint.

33. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 33 of the Complaint.

34. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 34 of the Complaint.

35. The Defendants, Town of Chatham and the Chatham Police Department, deny the allegations as stated in paragraph 35 of the Complaint.

36. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 36 of the Complaint. Although the contract request a certain amount of training, over the time period in question, most, if not all of the plaintiffs, have not worked forty (40) hours per year uncompensated.

37. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 37 of the Complaint.

38. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 38 of the Complaint.

39. The Defendants, Town of Chatham and the Chatham Police Department, deny the allegations as stated in paragraph 39 of the Complaint.

40. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 40 of the Complaint.

41. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 41 of the Complaint.

42. The Defendants, Town of Chatham and the Chatham Police Department, admit the allegations as stated in paragraph 42 of the Complaint.

43. The Defendants, Town of Chatham and the Chatham Police Department, deny the allegations as stated in paragraph 43 of the Complaint.

44. The Defendants, Town of Chatham and the Chatham Police Department, deny the allegations as stated in paragraph 44 of the Complaint.

45. The Defendants, Town of Chatham and the Chatham Police Department, deny the allegations as stated in paragraph 45 of the Complaint.

46. The Defendants, Town of Chatham and the Chatham Police Department, deny the allegations as stated in paragraph 46 of the Complaint.

47. The Defendants, Town of Chatham and the Chatham Police Department, deny the allegations as stated in paragraph 47 of the Complaint.

## COUNT I - FAILURE TO PAY OVERTIME FOR HOURS OVER 40

48. The Defendants, Town of Chatham and the Chatham Police Department, repeat and reallege their answers to the allegations as stated in paragraphs 1 through 47 of the Complaint and set forth verbatim.

49. The Defendants, Town of Chatham and the Chatham Police Department, deny the allegations as stated in paragraph 49 of the Complaint.

50. The Defendants, Town of Chatham and the Chatham Police Department, deny the allegations as stated in paragraph 50 of the Complaint.

## COUNT II - UNDERPAYMENT OF OVERTIME DUE

51. The Defendants, Town of Chatham and the Chatham Police Department, repeat and reallege their answers to the allegations as stated in paragraphs 1 through 50 of the Complaint and set forth verbatim.

52. The Defendants, Town of Chatham and the Chatham Police Department, deny the allegations as stated in paragraph 52 of the Complaint.

53. The Defendants, Town of Chatham and the Chatham Police Department, deny the allegations as stated in paragraph 53 of the Complaint.

## COUNT III - FAILURE TO MAINTAIN RECORDS

54. The Defendants, Town of Chatham and the Chatham Police Department, repeat and reallege their answers to the allegations as stated in paragraphs 1 through 53 of the Complaint and set forth verbatim.

55. The Defendants, Town of Chatham and the Chatham Police Department, deny the allegations as stated in paragraph 55 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As to all counts, the complaint filed by the plaintiffs fails to state a claim upon which relief can be granted and, therefore, the plaintiffs are not entitled to any recovery in this action.

### Second Affirmative Defense

The Town of Chatham and the Chatham Police Department and at all times material, entered into two (2) successive collective bargaining agreements with the plaintiffs and their union. Because the collective bargaining agreement provides for overtime, in many instances not required by the Fair Labor Standards Act, the plaintiffs will be unjustly enriched.

### Third Affirmative Defense

The plaintiffs expressly waived their rights to any overtime claims asserted when they entered into the collective bargaining agreement with the defendants that specifically addressed the issues of overtime.

### Fourth Affirmative Defense

The plaintiffs are estopped from obtaining any relief in this action by reason of their participation in the collective bargaining process that secured any number of benefits including overtime, while at the same time, failing to address the issues raised in the pending litigation, thus inducing the defendants to enter into the collective bargaining agreement all to their detriment.

## COUNTERCLAIM

### PARTIES

1. Defendant, Plaintiff in counterclaim, Town of Chatham, is a municipality and a political subdivision of the Commonwealth of Massachusetts. The Town of Chatham is an employer within the meaning of 29 U.S.C. § 203(d).

2. Defendant, Plaintiff in counterclaim, Chatham Police Department, is a department in the Town of Chatham. The Chatham Police Department is an employer within the meaning of 29 U.S.C. § 203(d).

3. Plaintiff, Defendants in counterclaim, are named individually in the plaintiffs' complaint in paragraphs 5 through 26.

## FACTS

4. Defendants, Plaintiffs in counterclaim entered into two (2) successive collective bargaining agreements during the time frame the Plaintiffs, Defendants in counterclaim, seek compensation for the alleged violation of the Fair Labor Standards Act.

5. Had the Town of Chatham been aware of the issues and the potential for the claims asserted in this lawsuit, those issues would have been addressed in the collective bargaining process.

## COUNT I - RECISSION

6. The Plaintiff in counterclaim repeats and realleges paragraphs 1 through 5 of the counterclaim as if fully rewritten and set forth herein and by reference incorporates them into Count I.

7. Had the Town of Chatham been aware or placed on notice of the alleged violation of the Fair Labor Standards Act, its position in the collective bargaining process would have been different and the agreement to which it entered would have taken into account the monetary impact of these claims.

8. As a direct and proximate result of this mistake, as to law or fact, the Defendants in counterclaim knew of the alleged violations of the Fair Labor Standards Act but failed to disclose the same. The Plaintiffs in counterclaim signed both successive collective bargaining agreements in reliance that all issues related to wages and conditions of employment had been fully discussed and thus the Plaintiffs in counterclaim were induced to sign the same.

WHEREFORE, the Defendants, Plaintiffs in counterclaim, Town of Chatham and the Chatham Police Department, pray that

    a. The collective bargaining agreement be rescinded on the ground that the same was fraudulently induced;

    b. That the Court order the collective bargaining agreement rescinded on the ground of mutual mistake; and

c. What ever else this Honorable Court may deem meet and just.

## COURT II - UNJUST ENRICHMENT

9. The Plaintiff in counterclaim repeats and realleges paragraphs 1 through 5 of the counterclaim as if fully rewritten and set forth herein and by reference incorporates them into Count II.

10. The Plaintiffs in counterclaim entered into two (2) successive collective bargaining agreements in good faith. Should the Plaintiffs, Defendants in counterclaim, prevail in their case in chief on their claims of violations of the Fair Labor Standards Act, the Defendants in counterclaim will have been unjustly enriched by the receipt of benefits included in the computation of overtime as set forth in the collective bargaining agreement that was not required by the Fair Labor Standards Act. Further, the adjustment of the schedule from six (6) days on and two (2) days off to four (4) days on and two (2) days off was premised on the agreements contained in paragraphs 34, 35, and 36 of the Complaint.

11. The Plaintiffs, Defendants in counterclaim, have been paid compensation by the Town of Chatham for overtime not required by the Fair Labor Standards Act and as such, have been unjustly enriched.

WHEREFORE, the Defendants, Plaintiffs in counterclaim, Town of Chatham and the Chatham Police Department, pray that

a. The Court determine the amount of said overpayment and thereafter offset that figure against any recovery the Defendants in counterclaim may receive should they prevail, for the alleged violation of the Fair Labor Standards Act; and

b. What ever else this Honorable Court may deem meet and just.

Date: October  20 , 2004

The Defendants, Plaintiffs in Counterclaim
By Their Attorney,

_____
Bruce P. Gilmore, Esq.
P.O. Box 714; 1170 Route 6A
West Barnstable, MA 02668
508-362-8833
BBO# 192940

## CERTIFICATE OF SERVICE

I, Bruce P. Gilmore, Esq. hereby certify a true and correct copy of the above document, Defendants' Answer to Complaint and Counterclaim, was hereby served on the Attorneys of Record, Bryan Decker, Esq. and Patrick Bryant, Esq., Sandulli Grace, PC, One State Street, Suite 200, Boston, MA 02109, by first-class mail, postage prepaid this __20__ day of October, 2004.

_____
Bruce P. Gilmore, Esq.