UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL D. ANDERSON, et al. )
      Plaintiffs )
       )      Civil Action No. 04-11911-RGS
v. )
       )
TOWN OF CHATHAM and the )
CHATHAM POLICE DEPARTMENT )
      Defendants )

## AMENDED ANSWER

Defendants, Town of Chatham and the Chatham Police Department (hereinafter referred to collectively as the "Town") hereby answer the Complaint as follows:

1. Denied. The allegations in paragraph 1 of the Complaint state conclusions of law to which no response is required.

2-4. Denied. Paragraphs 2-4 of the Complaint state conclusions of law to which no response is required.

5. Admitted in part, denied part. The Town admits that Plaintiff Anderson is employed by the Town of Chatham Police Department, and is a resident of the Commonwealth of Massachusetts. The Town denies the remaining averments in paragraph 5 of the Complaint. By way of further answer, Plaintiff Anderson is a police sergeant.

6. Admitted.

7. Admitted.

8. Admitted in part, denied in part. The Town admits that prior to September 28, 2001, Plaintiff Bicknell was a police officer employed by the Town of Chatham Police Department. After reasonable investigation, the Town is without

knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 8 of the Complaint.

9. Admitted in part, denied in part. The Town admits that prior to May 20, 2003, Plaintiff Bunting was a police officer employed by the Town of Chatham Police Department. After reasonable investigation, the Town is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 9 of the Complaint.

10. Admitted in part, denied part. The Town admits that Plaintiff Cantwell is employed by the Town of Chatham Police Department, and is a resident of the Commonwealth of Massachusetts. The Town denies the remaining averments in paragraph 10 of the Complaint. By way of further answer, Plaintiff Cantwell is a police sergeant.

11. Admitted in part, denied in part. The Town admits that Plaintiff Carhart was employed by the Town of Chatham Police Department until August 16, 2003. The Town denies that Plaintiff Carhart held the rank of police officer. To the contrary, Plaintiff Carhart was a police sergeant. The Town is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 11 of the Complaint.

12. Admitted in part, denied part. The Town admits that Plaintiff Cauble is employed by the Town of Chatham Police Department, and is a resident of the Commonwealth of Massachusetts. The Town denies the remaining averments in paragraph 12 of the Complaint. By way of further answer, Plaintiff Cauble is a police sergeant.

13. Admitted in part, denied in part. The Town admits that prior to November 30, 2004, Plaintiff Coffey was a police officer employed by the Town of Chatham Police Department. After reasonable investigation, the Town is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 13 of the Complaint.

14. Admitted.

15. Admitted.

16. Denied.

17. Admitted.

18. Admitted in part, denied part. The Town admits that Plaintiff Goodspeed is employed by the Town of Chatham Police Department, and is a resident of the Commonwealth of Massachusetts. The Town denies the remaining averments in paragraph 18 of the Complaint. By way of further answer, Plaintiff Goodspeed is a police sergeant.

19. Admitted.

20. Admitted in part, denied in part. The Town admits that prior to June 11, 2003, Plaintiff Hamilton was a police officer employed by the Town of Chatham Police Department. After reasonable investigation, the Town is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 20 of the Complaint.

21. Admitted.

22. Admitted in part, denied in part. The Town admits that after January 20, 2003, Plaintiff Little was a police officer employed by the Town of Chatham Police Department. After reasonable investigation, the Town is without knowledge or

        information sufficient to form a belief as to the truth of the remaining averments in paragraph 22 of the Complaint.

23. Admitted in part, denied in part. The Town admits that between June 2, 2003 and June 18, 2004, Plaintiff Mashrick was a police officer employed by the Town of Chatham Police Department. After reasonable investigation, the Town is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 23 of the Complaint.

24. Admitted in part, denied in part. The Town admits that prior to November 22, 2002, Plaintiff Mignone was a police officer employed by the Town of Chatham Police Department. After reasonable investigation, the Town is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 24 of the Complaint.

25. Admitted in part, denied in part. The Town admits that between June 22, 2003 and June 11, 2004, Plaintiff Moran was a police officer employed by the Town of Chatham Police Department. After reasonable investigation, the Town is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 25 of the Complaint.

26. Admitted.

27. Denied. After reasonable investigation, the Town is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 27 of the Complaint.

28. Denied. The allegations contained in paragraph 28 of the Complaint constitute conclusions of the law to which no response is required.

29. Admitted.

30. Admitted.

31. Admitted.

32. Denied as stated. The collective bargaining agreement is a document, which speaks for itself, and any characterizations inconsistent therewith are denied.

33. Denied.

34. Denied.

35. Denied as stated. By way of further answer, the Town requires police officers and police sergeants assigned to patrol duty to work an 8-hour and 15-minute shift, as part of their regularly scheduled tour of duty, for which they are compensated with a weekly salary.

36. Denied as stated. By way of further answer, the Town requires police officers to engage in certain training activities, and the time spent on these activities are among the hours police employees are required to work, and for which they are compensated with a weekly salary.

37. Denied as stated. By way of further answer, not all Plaintiffs are entitled to receive longevity.

38. Admitted in part, denied in part. The Town admits that longevity payments are not included in the base for the purpose of calculating contractual overtime. The remaining averments in paragraph 38 of the Complaint constitute conclusions of law to which no response is required.

39. Denied. The agreement is a document, which speaks for itself, and any characterizations inconsistent therewith are denied.

40. Admitted in part, denied in part. The Town admits that it does not include a detective's stipend in base pay when calculating contractual overtime pay. The

remaining averments in paragraph 40 of the Complaint constitute conclusions of law to which no response is required.

41. Denied. The agreement is a document, which speaks for itself, and any characterizations inconsistent therewith are denied.

42. Admitted in part, denied in part. The Town admits that it does not include a detective's stipend in base pay when calculating contractual overtime pay. The remaining averments in paragraph 42 of the Complaint constitute conclusions of law to which no response is required.

43. Denied. By way of further answer, the averments in paragraph 43 constitute conclusions of law to which no response is required. To the extent the averments in paragraph 43 are deemed to be averments of fact, they are denied.

44. Denied. The averments in paragraph 44 of the Complaint constitute conclusions of law to which no response is required.

45. Denied. The averments in paragraph 45 of the Complaint constitute conclusions of law to which no response is required. To the extent the averments in paragraph 45 are deemed to be averments of fact, after reasonable investigation, the Town is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 45 of the Complaint. By way of further answer, the Town specifically denied that it violated the Fair Labor Standards Act.

46. Denied. The averments in paragraph 46 of the Complaint constitute conclusions of law to which no response is required.

47. Denied. The averments in paragraph 47 of the Complaint constitute conclusions of law to which no response is required.

## ANSWER TO COUNT I

48. Defendant re-alleges, and incorporates by reference, the answers to the allegations contained in paragraphs 1-47 of the Complaint.

49. Denied. The averments in paragraph 49 of the Complaint constitute conclusions of law to which no response is required.

## ANSWER TO COUNT II

50. Denied. The averments in paragraph 50 of the Complaint constitute conclusions of law to which no response is required.

51. Defendant re-alleges, and incorporates by reference, the answers to the allegations contained in paragraphs 1-50 of the Complaint.

52. Denied. The averments in paragraph 52 of the Complaint constitute conclusions of law to which no response is required.

53. Denied. The averments in paragraph 53 of the Complaint constitute conclusions of law to which no response is required.

## ANSWER TO COUNT III

54. Defendant re-alleges, and incorporates by reference, the answers to the allegations contained in paragraphs 1-53 of the Complaint.

55. Denied. The averments in paragraph 55 of the Complaint constitute conclusions of law to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by virtue of the fact that Plaintiffs and/or Defendants fall within full and/or partial exemptions to the overtime requirements of the Fair Labor Standards Act.

## FOURTH AFFIRMATIVE DEFENSE

Defendants have acted at all times in good faith with respect to all matters material to Plaintiffs' claims.

WHEREFORE, Defendants, Town of Chatham and Chatham Police Department respectfully request that the Court enter judgment in favor of Defendants, and against Plaintiffs, dismiss Plaintiffs' Complaint with prejudice, and grant Defendants such other relief as is just and appropriate.

TOWN OF CHATHAM AND CHATHAM
POLICE DEPARTMENT
By its attorney,

_____
Tim D. Norris
BBO No. 552969
Collins, Loughran & Peloquin, P.C.
320 Norwood Park South
Norwood, MA 02062
781-762-2229

Dated: 1/20/05

8

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day forwarded a copy of the foregoing document, via first class mail, postage prepaid, to the attorney for the Plaintiffs, Bryan C. Decker, Esq., Sandulli Grace, P.C., One State Street, Boston, MA 02109.

_____  1/20/05
Tim D. Norris          Date